IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES N.,[1]

                Plaintiff,

      v.

ANDREW M. SAUL, Commissioner of Social
Security,

                Defendant.

Case No. 6:19-cv-00968-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

James N. ("Plaintiff") brings this appeal challenging the Commissioner of the Social

Security Administration's ("Commissioner") denial of his application for Supplemental Security

Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction to hear

Plaintiff's appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions

of 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's

decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party in this case. Where applicable, this opinion uses the same
designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.    PLAINTIFF'S APPLICATION**

Plaintiff was born in May 1962, making him fifty-four years old on August 5, 2016, the day he filed his application.[2] (Tr. 15, 29.) Plaintiff has a limited education and past relevant work as a "cleaner II/car washer." (Tr. 29, 43, 95.) In his SSI application, Plaintiff alleges disability

---

[2] "[T]he earliest an SSI claimant can obtain benefits is the month after which he filed his application[.]" *Schiller v. Colvin*, No. 12-771-AA, 2013 WL 3874044, at *1 n.1 (D. Or. July 23, 2013) (citation omitted).

due to post-concussion syndrome, degenerative disc disease, rheumatoid arthritis in his hands, chronic obstructive pulmonary disease ("COPD"), and brain, ankle, and wrist injuries. (Tr. 127, 140.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on December 14, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 15.) Plaintiff and a vocational expert ("VE") appeared and testified at a hearing on January 8, 2019. (Tr. 39-87.) On January 28, 2019, the ALJ issued a written decision denying Plaintiff's SSI application. (Tr. 17-30.) On April 29, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review of the ALJ's decision. (Compl. ¶¶ 1-7.)

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the

burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 15-31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 5, 2016, the day he filed his application. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "[C]hronic obstructive pulmonary disease, degenerative disc disease, and memory problems." (Tr. 17.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 18.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform a "full range of medium work," subject to these limitations: (1) Plaintiff needs to be limited to "jobs that have no more than occasional exposure to dusts, odors, or fumes," and (2) Plaintiff needs to be limited to jobs that involve "only simple, routine tasks." (Tr. 21.) At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a "cleaner II/car washer." (Tr. 29.) At step five, the ALJ concluded that Plaintiff was not disabled because a significant number of jobs existed in the national economy that he could perform, including work as a courtesy clerk, hand packager, and dietary aide. (Tr. 30.)

**DISCUSSION**

Plaintiff's primary argument on appeal is that the ALJ committed harmful error in concluding that Plaintiff can perform medium exertion work, because he cannot perform the lifting and carrying requirements of such work (e.g., lifting up to fifty pounds occasionally and twenty-five pounds frequently). In so arguing, Plaintiff relies on his own testimony, which the ALJ discounted. (*See* Pl.'s Br. at 14, arguing that the record evidence "support[s] Plaintiff's subjective complaints" and thus substantial evidence does not support the ALJ's RFC because "[n]o reasonable mind could conclude . . . that Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently"; *see also* Pl.'s Br. at 10, relying on Plaintiff's hearing testimony that "he needs to sit down/rest and apply heat or ice after lifting a case of Pepsi (25 pounds)").

As explained below, the Court concludes that the ALJ was not required to incorporate limitations supported by Plaintiff's testimony into the RFC because the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony. The Court also concludes that although Plaintiff seeks an alternative interpretation of the record, the ALJ's finding that Plaintiff can perform medium exertion work was a rational interpretation of the record and must be upheld. Accordingly, the Court affirms the Commissioner's denial of benefits.

**I.    PLAINTIFF'S SYMPTOM TESTIMONY**

**A.    Applicable Law**

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited[.]" *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)

(quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and quotation marks omitted).

Under Ninth Circuit case law, clear and convincing reasons for rejecting a claimant's subjective symptom testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms complained of." *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007), and *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

### B.    Analysis

There is no evidence of malingering here and the ALJ determined that Plaintiff has provided objective medical evidence of underlying impairments which might reasonably produce the symptoms alleged. (*See* Tr. 22, reflecting that the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms"). The ALJ was therefore required to provide clear and convincing reasons for discrediting Plaintiff's testimony. *See Ghanim*, 763 F.3d at 1163. The ALJ met that standard here.

First, the ALJ concluded that Plaintiff's inconsistent reports about his methamphetamine use "undermine[d] the weight that can be accorded [to Plaintiff's] subjective complaints."

(Tr. 28, citing Tr. 624 and Tr. 660; *compare* Tr. 624, reflecting that on September 3, 2015, nearly two years after Plaintiff's amended alleged disability onset date, a registered nurse noted that Plaintiff reported that he "'do[es] use meth[amphetamine]'"; Tr. 501, demonstrating that Plaintiff was diagnosed with "methamphetamine abuse"; *with* Tr. 108, reflecting that during the initial hearing before the ALJ, Plaintiff testified that he "honestly" did not know if he had ever tried methamphetamine; Tr. 57, indicating that during the second hearing, the ALJ asked Plaintiff about the documented reports of his methamphetamine use and Plaintiff maintained that it was "a one-time thing"; *and* Tr. 660, showing that Plaintiff told the consultative examiner on May 31, 2018 that he had only "tried methamphetamine once"). This was a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's testimony. *See Robinson v. Berryhill*, 690 F. App'x 520, 525 (9th Cir. 2017) (holding that the ALJ "properly provided specific, clear, and convincing reasons for discrediting [the claimant's] testimony," and noting the ALJ "determined that [the claimant's] inconsistent statements regarding his drug use hurt his credibility").

Second, the ALJ discounted Plaintiff's testimony based on the consultative examiner's opinion that Plaintiff's fifteen-year history of daily marijuana use negatively impacted his motivation. (*See* Tr. 28, noting that Plaintiff informed the consultative examiner that "he smokes marijuana daily and has done so for 15 years" and stating that the consultative examiner "assessed" that Plaintiff's "marijuana use probably decreased his motivation," which caused the ALJ to conclude that Plaintiff's failure to work "may be influenced by his ongoing use of marijuana"; *see also* Tr. 666, reflecting that the consultative examiner noted that Plaintiff "[h]as smoked marijuana daily for 15+ years which probably decrease[s] [his] . . . motivation"). This was also a clear and convincing reason to discount Plaintiff's testimony. *See Sherman v. Colvin*,

582 F. App'x 745, 747-48 (9th Cir. 2014) (holding that the ALJ provided clear and convincing reasons for discounting the claimant's testimony and noting that the ALJ "found that [the claimant's] daily marijuana use contributed to his lack of activity," which was supported by an examining psychologist's opinion that the claimant had "very marginal motivation" due to his marijuana use).

Finally, the ALJ discounted Plaintiff's testimony because despite numerous "acute musculoskeletal complaints," the record revealed that Plaintiff does not engage in regular treatment. (*See* Tr. 22, showing that the ALJ determined that record evidence was "not consistent" with disabling physical limitations before noting that despite numerous "acute musculoskeletal complaints," the record "does not show ongoing treatment for most of these acute injury-related conditions," or show "significant ongoing treatment" for degenerative disc disease). This was another clear and convincing reason to discount Plaintiff's testimony. *See Lee v. Astrue*, 472 F. App'x 553, 555 (9th Cir. 2012) (holding that the ALJ provided clear and convincing reasons for discounting the claimant's testimony and noting that the ALJ discounted Plaintiff's testimony based on, among other things, the fact that the record showed a "lack of any ongoing treatment").

For these reasons, the Court concludes that the ALJ did not err in discounting Plaintiff's symptom testimony because the ALJ provided several clear and convincing reasons for doing so, and therefore the ALJ did not need to account for Plaintiff's testimony in formulating the RFC. *See Engelhardt v. Colvin*, No. 6:12-cv-00668-BR, 2013 WL 3894950, at *5 (D. Or. July 26, 2013) (holding that the ALJ "properly rejected" the claimant's testimony and therefore rejecting the claimant's argument that the RFC failed to account for limitations the claimant described).

## II.    MEDIUM EXERTION WORK

The ALJ found that Plaintiff was capable of performing medium exertion work, which requires the ability to, among other things, lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. In so finding, the ALJ relied on the opinion of a non-examining state agency physician, Susan Moner, M.D. ("Dr. Moner"), who reviewed the record and issued an opinion on December 1, 2016, nearly three years after the amended alleged disability onset date. (*See* Tr. 26, reflecting that the ALJ assigned "significant weight" to Dr. Moner's opinion that Plaintiff is "capable [of] medium exertion" work; Tr. 148, showing that Dr. Moner opined that Plaintiff can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently).

Plaintiff argues the ALJ's reliance on Dr. Moner's opinion is misplaced because she "never reviewed Plaintiff's [hearing] testimony" about his inability to lift more than twenty-five pounds, and because "there is simply no way of knowing what [Dr. Moner] *would* have opined had [she] had access to Plaintiff's testimony and the full record ultimately developed." (Pl.'s Br. at 13.) The Court is not persuaded by Plaintiff's argument. The ALJ did not need to account for Plaintiff's symptom testimony because the ALJ provided clear and convincing reasons for discounting it. It was also reasonable for the ALJ to rely on Dr. Moner's opinion because Dr. Moner reviewed the record and issued her opinion several years after the amended alleged onset of disability. Plaintiff asks the Court for an alternative interpretation of the record, but the ALJ's interpretation of the record was rational and must be upheld. *See Crawford v. Berryhill*, 745 F. App'x 751, 753 (9th Cir. 2018) (rejecting objections to the ALJ's findings because they "amount[ed] to advocating for alternatives to the ALJ's rational interpretation of the record and therefore d[id] not demonstrate error"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Wilcox ex rel. Wilcox v. Colvin*, No. 13-2201-SI, 2014 WL

PAGE 9 – OPINION AND ORDER

6650181, at *5 (D. Or. Nov. 24, 2014) ("Plaintiff's alternative interpretation of the evidence is insufficient to overturn the ALJ's findings.").

## CONCLUSION

For the reasons stated, the Court AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED.**

DATED this 20th day of July, 2020.

_____
STACIE F. BECKERMAN
United States Magistrate Judge